# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| **THE HANOVER INSURANCE COMPANY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**R.W. DUNTEMAN COMPANY, DU-KANE ASPHALT CO., CRUSH-CRETE, INC., PAUL DUNTEMAN JR., JEFFREY DUNTEMAN, ROLAND DEUNTEMAN III, MATTHEW DUNTEMAN and AUDREY B. COFFEY, as Personal Representative of the ESTATE O F JANE ELIZABETH DUNTEMAN.**<br><br>**Defendant(s).** | **Case No. 19-cv-1979**<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION & ORDER

Defendants Du-Kane Asphalt Co. ("Du-Kane"), Crush-Crete, Inc. ("Crush-Crete"), Paul Dunteman, Jr., Jeffrey Dunteman, Roland Dunteman, III, and Matthew Dunteman (collectively, the Dunteman Brothers) (Du-Kane, Crush-Crete, and the Dunteman Brothers are collectively referred herein as "Defendants"), filed two Counterclaims against Plaintiff, The Hanover Insurance Company ("Hanover"). (Dkt. 19; Dkt. 21) Before the Court is Hanover's motion to dismiss Count II of Defendants' Counterclaims. (Dkt. 27). For the reasons set forth below, Hanover's motion [27] is granted. Count II of Defendants' Counterclaims is dismissed with prejudice.

1

## BACKGROUND

This lawsuit arises from an insurance coverage dispute between the Dunteman Brothers, Du-Kane, and Crush-Crete on the one side, and Hanover on the other. Hanover issued two consecutive Directors, Officers, and Entity Liability Insurance Policies for Defendants for the period of March 31, 2017 to March 31, 2018 (the "2017 Policy"), and March 31, 2018 to March 31, 2019 (the "2018 Policy"). (Dkt. 39, 1).

On August 28, 2017, during the 2017 Policy, Audrey B. Coffey, as Personal Representative of the Estate of Jane Elizabeth Duntemanm, filed a complaint for declaratory judgment in the Circuit Court of DuPage County. (Dkt. 37, 2). This complaint sought a declaration that Jane Dunteman was a 24% shareholder in Du-Kane. (*Id.*). In December 2017, Coffey filed a first amended complaint. Like the original complaint, the first amended complaint sought a declaration that Jane Dunteman was a 24% shareholder in Du-Kane. (*Id.*) On July 10, 2018, during the 2018-2019 Policy, Coffey filed a second amended complaint which named for the first time Crush-Crete and the Dunteman Brothers. Defendants allege that Coffey's second amended complaint included new and distinct causes of action, including breach of fiduciary duty, fraud, and a derivative suit for minority shareholder oppression. (Dkt. 21, ¶¶ 26, 30-32). Defendants notified Hanover of the second amended complaint and requested coverage on or around July 13, 2018.

Hanover filed a Complaint in this Court on March 22, 2019. (Dkt. 1) Hanover seeks a declaration that it does not have a duty to defend Defendants. Hanover

believes it need not provide coverage to Defendants because they failed to notify Hanover of the lawsuit during the applicable time period.[1] (Dkt. 1, ¶¶ 49-53). Defendants argue that their notification was timely because the filing of the second amended complaint, which asserted new causes of action against new defendants, constitutes a new claim under the Policy. In responding to Hanover's Complaint, Defendants filed an Answer and Counterclaims. Defendants Du-Kane and Crush-Crete filed one Answer and Counterclaims (Dkt. 19), and the Dunteman Brothers filed a separate Answer and Counterclaims (Dkt. 21). These two documents assert similar allegations and identical counts. Both documents assert Counterclaims for breach of contract (Count I) and a violation of Section 155 of the Illinois Insurance Code, 215 ILCS 5/155 (Count II). Before the Court is Hanover's motion to dismiss Count II. (Dkt. 27).

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint and must "construe the complaint in the 'light most favorable to the' plaintiff." *Zahn v. N. Am. Power & Gas, LLC*, 847 F.3d 875, 877 (7th Cir. 2017)

---

[1] Hanover claims that the insurance policy requires the Defendants to report any claim (as defined in the Policy) within 90 days after the expiration of the policy period; here, the 2017 Policy expired on March 31, 2018. Hanover believes Coffey's lawsuit constitutes a claim under the insurance policy, and that Defendants were required to notify Hanover after the filing of the original complaint. Hanover alleges that the Defendants first reported Coffey's lawsuit on or around July 13, 2018. Because the claim was reported more than 90-days after the March 31, 2018 expiration of the 2017 Policy, Hanover argues it need not provide coverage under the 2017 Policy. (Dkt. 1, ¶¶ 49-53).

3

(quoting *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016)). However, the Court is not "obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

"To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face." *Ill. Bible Coll. Ass'n v. Anderson*, 870 F.3d 631, 636 (7th Cir. 2017), *as amended* (Oct. 5, 2017), *cert denied sub nom. Ill. Bible Coll. Ass'n v. Cross*, 138 S. Ct. 1021 (2018). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "While a plaintiff need not plead 'detailed factual allegations' to survive a motion to dismiss, she still must provide more than mere 'labels and conclusions or a formulaic recitation of the elements of a cause of action' for her complaint to be considered adequate…." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

## **DISCUSSION**

Count II of Defendants' Counterclaims seeks attorneys' fees and costs under Section 155 of the Illinois Insurance Code. Section 155 provides:

> (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

4

(a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(b) $60,000;

(c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

215 ILCS 5/155. Hanover's actions must be vexatious and unreasonable in order to give rise to Section 155 liability, and whether Hanover's conduct was vexatious and unreasonable is a question for the Court, and not a jury. *Scottsdale Ins. Co. v. City of Waukegan*, No. 07 C 64, 2007 WL 2740521, at *2 (N.D. Ill. Sep. 10, 2007) (citing *Horning Wire Corp. v. The Home Indemnity Co.*, 8 F.3d 587, 590 (7th Cir. 1993)). An insurer's conduct is vexatious and unreasonable when the insurer's behavior was willful and without reasonable cause. *Citizen First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2010); *see also Scottsdale*, 2007 WL 2740521, at *2. The Illinois Supreme Court has stated that an insurer acts vexatiously and unreasonably when "the refusal to pay the claim is based upon the flimsiest sort of a pretext." *Cramer v. Ins. Exch. Agency*, 174 Ill.2d 513, 520 (1996); *see, for example, LaGrange Mem'l Hosp. v. St. Paul Ins. Co.*, 317 Ill. App. 3d 863, 868 (1st Dist. 2000) (insurer liable where the insurer destroyed the insured's policy upon notice of the claim); *Estate of Price v. Universal Cas. Co.*, 322 Ill. App. 3d 514, 518 (1st Dist. 2001) (insurer liable where the insurer refuse to pay a final, non-appealable arbitration award).

However, "an insurer's conduct is not vexatious and unreasonable if: (1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." *70th Court Indus, Condo. #2 v. Travelers Cas. Ins. Co. of Am.*, No. 16 C 6483, 2017 WL 1386179, at *2 (N.D. Ill. Apr. 18, 2017) (citing *Citizen First Nat'l Bank of Princeton*, 200 F.3d at 1110). Illinois courts have unequivocally stated that no Section 155 relief is available when there is a bona fide dispute over coverage. *See Med. Protective Co. v. Kim*, 507 F.3d 1076, 1087 (7th Cir. 2007) (finding "a bona fide dispute regarding coverage, and that is all Illinois law requires to avoid the imposition of [Section 155] penalties"); *O'Connor v. Country Mut. Ins. Co.*, 2013 IL. App. (3d) 110870, ¶ 13 ("The key question in an action under section 155 is whether the conduct of the insurance company was unreasonable and vexatious…The relevant inquiry is whether the insurer had a bona fide defense to the insured's claim") (internal citations omitted). A bona fide dispute is one that is "real, actual, genuine, and not feigned." *Illinois Founders Ins. Co. v. Williams*, 2015 Il App (1st) 122481, ¶ 32.

Hanover asserts that Defendants' Section 155 claim lacks factual support and is only supported by conclusory statements. According to Hanover, Defendants have not alleged any facts that suggest Hanover engaged in vexatious or unreasonable conduct, and that the only facts cited in Defendants' response brief "simply demonstrate that the parties have a dispute about coverage." (Dkt. 40, 2). The Court

6

agrees with Hanover. Defendants have failed to allege facts sufficient to state a Section 155 claim. After alleging facts related to the underlying litigation, Du-Kane and Crush-Crete merely state: "Hanover continues to willfully, vexatiously and unreasonably deny coverage to Counter-Plaintiffs." (Dkt. 19, ¶ 31). Similarly, the Dunteman Brothers' Counterclaims assert that "Hanover had a duty to defend and provide coverage…Despite said duty, Hanover has vexatiously and unreasonably failed and refused to defend and provide coverage to the Dunteman Brothers." (Dkt. 21, ¶ 34, 41-44).[2] These paragraphs fail to state a factual basis for Defendants' conclusion that Hanover acted unreasonably and vexatiously, and thus fail to put Hanover on notice of what is claimed. *See 9557, LLC & River W. Meeting Assocs., Inc. v. Travelers Indem. Co. of Conn.*, No. 15 C 10822, 2016 WL 464276, at *4 (N.D. Ill. Feb. 8, 2016) (granting motion to dismiss a Section 155 claim on the ground that plaintiff's allegations "amounted to little more than simple recitations of the various codes [plaintiff] alleges Travelers violated"); *Scottsdale Ins. Co.*, 2007 WL 2740521, at *2 ("Simply pleading that [defendant] knowingly and intentionally refused to provide insurance coverage and that [defendant's] refusal was and continues to be vexatious and unreasonable, without some modicum of factual support, is insufficient to plausibly suggest that [plaintiff] is entitled to relied under the statute"). The paragraphs cited merely recite the acts that constitute improper practice under Section 155. To state a claim, Defendants must provide more than a

---

[2] There are minor difference between Defendants' Du-Kane and Crush-Crete Counterclaims (Dkt. 19), and the Dunteman Brothers' Counterclaims (Dkt. 21). However, the paragraphs relevant to the Section 155 claim are nearly identical in both documents. In the Dunteman Brother's Counterclaims, the relevant paragraphs are ¶ 34, ¶ 41-43. (Dkt. 21). For Du-Kane and Crush-Crete, the relevant paragraphs are ¶ 31, ¶ 38-40. (Dkt. 19).

7

formulaic recitation of a cause of action. They have failed to do so. Accordingly, Defendants fail to state a claim.

Hanover presents an additional reason to dismiss Defendants' Counterclaim: at most, the pleadings demonstrate a bona fide dispute about insurance coverage which precludes a finding of Section 155 liability. *Med. Protective Co. v. Kim*, 507 F.3d 1076, 1087 (7th Cir. 2007) (finding "a bona fide dispute regarding coverage, and that is all Illinois law requires to avoid the imposition of [Section 155] penalties"). Again, the Court agrees with Hanover. Even if Defendants had provided sufficient factual material to plausibly allege that Hanover acted vexatiously and unreasonably, Illinois caselaw is clear that Section 155 relief is not available when there is a bona fide dispute about coverage. *See O'Connor,* 2013 IL. App. (3d) 110870 at ¶ 13.

The Dunteman Brothers dispute Hanover's assertion that a bona fide coverage dispute exists. In their response brief, they claim that Hanover has offered "shifting explanations for denying coverage," and that Hanover has refused to defend the Defendants in the underlying suit. (Dkt. 39, 5) The Court is unpersuaded by these arguments. The face of the pleadings indicate that there is a bona fide dispute regarding whether Hanover owed coverage on this matter. Hanover asserts that, under the terms of the insurance policy, it need not provide coverage because Defendants' claim was reported after the applicable timeframe.[3] Hanover's refusal to provide coverage is thus based on the text of the policy and relevant facts—it is

---

[3] Notification requirements in insurance policies are valid conditions precedent to coverage under Illinois law that may relieve the insurer of indemnity obligations under the policy. *Northbrook Prop. & Cas. Ins. Co. v. Applied Sys., Inc.*, 313 Ill. App. 3d 457, 464 (2000).

8

not mere pretext. In contrast, Defendants assert that, under the terms of the insurance policy, Hanover owed them coverage because their claims were timely. Accordingly, the facts alleged in the pleadings indicate a bona fide dispute exists regarding the provisions of the insurance policy. The fact that Defendants interpret the insurance policy language differently from Hanover does not defeat Hanover's claim of a bona fide policy dispute. On the contrary, it solidifies Hanover's position. Count II of Defendants' Counterclaims is dismissed with prejudice.

## CONCLUSION

For the reasons stated above, Hanover's motion to dismiss [27] is granted. Count II of Defendants' Counterclaims (Dkt. 19; Dkt. 21) is dismissed with prejudice.

E N T E R:

Dated: March 4, 2020

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge